# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HECTOR BLANCO, ) | Case No.: 2:10-cv-02198-RLH-GWF |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Summary Judgment–#53; |
| ) | Motion to Dismiss–#56) |
| CIRCUS CIRCUS CASINOS, INC., a Nevada ) | |
| Corporation, MGM MIRAGE INC., a Delaware ) | |
| Corporation d/b/a MGM RESORTS ) | |
| INTERNATIONAL and DOES 1-20, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant Circus Circus Casinos, Inc.'s **Motion for Summary Judgment** (#53, filed Feb. 23, 2012). The Court has also considered Plaintiff Hector Blanco's Opposition (#54, filed Mar. 19), and Circus Circus' Reply (#55, filed Apr. 3).

Also before the Court is Circus Circus' **Motion to Dismiss** (#56, filed Apr. 10), for failure to join a necessary and indispensable party under Federal Rule of Civil Procedure 19. The Court has also considered Blanco's Opposition (#58, Apr. 20), and Circus Circus' Reply (#59, filed Apr. 30).

/

/

**BACKGROUND**

This action arises out of a fight and stabbing that occurred near Circus Circus after a prior altercation inside the Circus Circus. During the night and early morning of January 1 and 2, Hector Blanco and friends were partying and drinking down the Las Vegas Strip and eventually came to the Circus Circus where they stopped to further drink and gamble. (Dkt. #53, Ex. 1, Deposition of Hector Blanco at 74:7-75:14, 77:25-78:1.) While walking at the Circus Circus, Blanco and another patron (later identified as Samuel S. Hernandez[1]) brushed against each other while walking in opposing directions. (*Id.* Ex. 2-A, Security Video, Bate Stamp No. CC 00027 at 1:50:04.) The two started speaking to one another and mere seconds after the bump, Blanco punched Hernandez in the face as Hernandez was backing away. (*Id.*) Circus Circus personnel quickly broke up the fight. (*Id.*) Not long after that, Blanco fled the scene, after which Circus Circus security apparently began searching for him. (*Id.*)

Hernandez also left the scene and proceeded to search for Blanco. Eventually, Hernandez and others caught up to Blanco and his girlfriend, Duran, as they were leaving the Circus Circus property. Blanco's one time victim now became his assailant as Hernandez preceded to repeatedly stab Blanco. (*Id.* Ex. 1, Blanco Dep 117:12-118:15.) After being stabbed, Blanco returned to the Circus Circus parking lot where he eventually received medical treatment. (*Id.* Ex. 2-A, Security Video at 1:58:20.)

On December 17, 2010, Blanco filed suit against the Circus Circus. Blanco asserts claims for (1) negligence; (2) negligent security; (3) negligent infliction of emotional distress; (4) negligent hiring, training, supervision, and management; and (5) punitive damages. Now before the Court are Circus Circus' motions to dismiss and for summary judgment. For the reasons

---

[1] For convenience in this order, the Court will refer to this person as Hernandez, though the Court notes that there is no evidence in the record as to the person's identity, merely an assertion of belief by Circus Circus' counsel in Blanco's deposition.

discussed below, the Court grants the motion for summary judgment and denies the motion to dismiss as moot.

## DISCUSSION

**I.     Motion for Summary Judgment**

    **A.     Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

  **B.**  **Analysis**

    The Court will address two of Circus Circus' arguments for why the Court should grant summary judgment. First, Circus Circus argues that it owed no duty to Blanco to keep him safe from being stabbed as matter of law under Nevada's Innkeeper Statute, NRS 651.015, as recently interpreted by the Nevada Supreme Court in *Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 265 P.3d 688 (Nev. 2011). Second, Circus Circus argues that it owed no duty to Blanco because Hernandez stabbed him off of Circus Circus' property. As these arguments are more than sufficient to grant summary judgment in Circus Circus' favor, the Court need not address Circus Circus' other arguments. Further, the parties address all of Blanco's claims together as negligence claims. The Court sees no need to do otherwise. (Though this misconstrues the negligent infliction of emotional distress claim, it would be dismissed regardless as Blanco was not a bystander, but a direct victim. *See, e.g.*, *Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 934–35 (D. Nev. 2010).)

/

/

/

4

### 1. The Nevada Innkeeper Statute

#### a. Applicability of the Innkeeper Statute

Blanco argues that the Innkeeper Statute does not apply to casinos and Blanco only patronized the casino portion of Circus Circus. Blanco makes this argument despite citing the recent Nevada Supreme Court decision in *Mahoney's Silver Nugget*. In *Mahoney's Silver Nugget*, the Nevada Supreme Court applied the Innkeeper Statute to Mahoney's Silver Nugget and repeatedly referred to it as a casino. Thus, there is no question that the Nevada Supreme Court applies this statute to casinos. In fact, the Court is stunned that Blanco would have the gall to make such an argument after the decision in *Mahoney's Silver Nugget*. Whatever merit Blanco's argument may have once had, the Nevada Supreme Court has since foreclosed.

#### b. Application of the Innkeeper Statute

"The preliminary inquiry in any case involving innkeeper liability is whether '[t]he wrongful act which caused the death or injury was foreseeable,' and thus, whether a duty of care was owed to the plaintiff." *Id*. at 691 (quoting NRS 651.015(2)(a)) (alteration in original). "The determination of foreseeability as it relates to an innkeeper's duty of care to a patron must be made by the district court as a matter of law." *Id*. (citing NRS 651.015(2)). Under NRS 651.015, a wrongful act is not foreseeable unless the owner failed to exercise due care or "prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice and knowledge of those incidents." NRS 651.015(3).

In *Mahoney's Silver Nugget*, the Nevada Supreme Court analyzed the "due care language of the statute (since "due care" language is generally associated with the breach element of negligence actions, not foreseeability), and determined that it requires a district court to consider circumstances other than just notice of prior acts in determining whether an innkeeper has taken sufficient minimum precautions. *Mahoney's Silver Nugget*, at 691-92. Thus, knowledge of other similar acts of violence may be sufficient to create a duty, but other circumstances may also create a duty on the part of the innkeeper.

5

### i. Prior Similar Events

Here, the Court finds that Circus Circus did not owe Blanco a duty of care under these particular circumstances. First, Circus Circus presents evidence that no similar stabbings have occurred within the last three years. (Dkt. #Ex. 2, Decl. of David Garner ¶ 3) (stating that a review of three years of security records shows no reported stabbing off property after an on property altercation). While the Court may prefer stronger testimony that no stabbings had occurred just off of Circus Circus' property, *see Mahoney's Silver Nugget* at 692-93 (finding that the location of the incidents is relevant to whether they are similar, *e.g.* the inner or outer areas of a casino or outside of the casino), Blanco provides no evidence of prior similar incidents at all. Blanco, rather, simply asserts that their must have been stabbings at the Circus Circus before, that their had been fights (without mentioning the use of deadly weapons), and asserting that discovery had not closed at the time he filed his response.[2] Blanco also doesn't discuss the location factor. As the only evidence presented to the Court (on an issue the Court must decide) is that no similar events have taken place within the last three years, the Court finds that Circus Circus did not owe Blanco a duty based on a prior similar event.

### ii. Other Circumstances

The Court now turns to the question of whether other circumstances show that Circus Circus did not take sufficient minimum precautions to protect Blanco and its patrons more generally. The evidence shows that Circus Circus took more than sufficient minimum precautions. The surveillance video from the night in question shows that Circus Circus personnel arrived on the scene seconds after Blanco initiated the physical aspect of the altercation between him and Hernandez. (#53, Ex. 2-A) Further, the video shows Blanco leave the scene of the crime while Circus Circus personnel looked for him. *Id.* The video also shows the Circus Circus security

---

[2] It is true that discovery had not closed, however, Blanco did not argue that he expected to find any evidence in discovery to support his argument and discovery has since closed without Blanco seeking leave to supplement with newly discovered evidence.

1   station scanning (the camera panning and tilting) to find him and Hernandez. *Id*. This
2   demonstrates sufficient precautionary efforts on the part of Circus Circus to protect Blanco.
3         As Blanco presents no evidence to create a genuine question of material fact
4   regarding prior, similar incidents, and Circus Circus exercised the requisite precautions to keep its
5   patrons safe by deploying security immediately to the scene of the fight, the stabbing was
6   unforeseeable. Since the stabbing was unforeseeable, Circus Circus owed Blanco no duty under
7   Nevada's Innkeeper Statute, NRS 651.015, as a matter of law. Thus, the Court grants summary
8   judgment in favor of Circus Circus on each of Blanco's negligence claims.

      **2.    Location of the Stabbing**

10         The Court also grants summary judgment for Circus Circus because the stabbing
11   occurred off of Circus Circus' property. "The general rule is that a business invitee ceases to be an
12   invitee, and the business invitor's liability is therefore extinguished, as soon as the invitee leaves
13   the premises owned by the invitor." *See, e.g.*, *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143.
14   1148-49 (7th Cir. 2010) (applying Illinois law, noting exceptions to the general rule, and applying
15   an exception). Here, the evidence shows that Hernandez stabbed Blanco near Circus Circus, but
16   either in the public street or across the street from Circus Circus. (*See, e.g.*, Dkt. #53, Ex. 6,
17   LVMPD Incident Report at p. 5 ("Another fight ensued on Circus Circus Drive and the suspect,
18   HMA, stabbed Blanco seven or eight times and he staggered back onto Circus Circus property.");
19   Ex. 4, LVMPD Crime Scene Photographs (depicting blood trail beginning across the street from
20   Circus Circus and leading back to where he received first aid on Circus Circus property).)
21         Blanco does not dispute the law as regards off-premises liability. In fact, Blanco
22   does not address Circus Circus' arguments regarding the location of the stabbing at all in his
23   argument. Rather, Blanco simply asserts in his statement of facts that he disputes where the
24   stabbing took place. In essence, by not addressing the issue Blanco admits that if the stabbing took
25   place off of Circus Circus' property then Circus Circus is not liable for his injuries, even though he
26   does not say so explicitly. Blanco disputes the location by citing his and his ex-girlfriend's

AO 72
(Rev. 8/82)

deposition testimony in which neither of them express any degree of certainty as to where the stabbing actually took place. (Dkt. #54, Ex. 2, Dep. of Diana Duran;[3] Ex. 1, Blanco Dep., 116:21-117:10.[4]) This non-specific testimony does not actually dispute any of the evidence cited by Circus Circus. It only shows that Duran and Blanco were uncertain as to the location or that they were not asked specific questions about the location where Blanco was stabbed. Neither party testified that Blanco was stabbed on Circus Circus' property. Without more, this does not create a genuine dispute of material fact because other, specific evidence shows that the stabbing occurred off of Circus Circus' property. Accordingly, the Court grants summary judgment because there is no genuine dispute as to the fact that the stabbing occurred off of Circus Circus' property and Blanco does not argue that Circus Circus owed a duty to prior patrons once they were off of its property.

### 3. Negligent Hiring, Training, Supervision and Management

The Court makes a single exception to not addressing the individual claims and separately addresses Blanco's negligent hiring claim. The Court simply notes that Circus Circus made separate and specific (meritorious) arguments as to why the Court should grant summary judgment on this particular claim. Blanco did not address these arguments and therefore the Court also grants summary judgment on this claim for failure to oppose under Local Rule 7-2.

## II. Motion to Dismiss

Since the Court has granted the motion for summary judgment, it need not reach the question of whether Hernandez is a necessary and indispensable party for further litigation in this suit. However, the Court, without analysis, states that it would be inclined to hold that Hernandez,

---

[3] 152:16-18, 24-25: "A: He [Blanco] was maybe around that area, because he didn't turn the corner. He was just on the street still, and I just walked towards him. . . . I was already on Las Vegas Boulevard."; 154:3-7: "A: And Hector hit the street, like I could see him, and I ran towards him. And then he just told me that the guy had got him."

[4] 103:16-18: "A: I can't really remember. I don't know if I was at Circus or I walked up a little bit. I can't really remember what really happened." 117:9-11: "Q. So you had already come to the sidewalk when you first saw this other guy. A: Maybe – yeah."

8

the alleged intentional tortfeasor, is a necessary and indispensable party based on the Nevada Supreme Court's recent ruling in *Café Moda, LLC v. Palma*, 272 P.3d 137 (Nev. 2012), which addressed whether and how Nevada's comparative negligence statute, NRS 41.141, permits liability to be apportioned between a negligent tortfeasor and an intentional tortfeasor. Nonetheless, the Court denies the motion as moot.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Circus Circus' Motion for Summary Judgment (#53) is GRANTED.

IT IS FURTHER ORDERED that Circus Circus' Motion to Dismiss (#56) is DENIED as moot. The Clerk of the Court is directed to close this case.

Dated: May 23, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)

9